Joseph CALABRETTA

v.

The SECRETARY OF HEALTH, EDUCATION AND WELFARE.

Civ. A. No. 75–3351.

United States District Court, E. D. Pennsylvania.

Nov. 9, 1976.

Ralph M. Bashore, Pottsville, Pa., for plaintiff.

David W. Marston, U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Before this Court are .cross-motions for summary judgment filed by the plaintiff

and defendant, respectively. Plaintiff instituted an action in this Court for benefits under the Federal Coal Mine Health and Safety Act, 30 U.S.C. § 901 *et seq.*, after his claim was heard and denied by an administrative law judge (ALJ), and by the Appeals Council of the Social Security Administration.

A careful review of the administrative record discloses that the ALJ rejected Dr. Cho's findings, in connection with certain pulmonary function studies, because of the absence of spirometric tracings (R. 7). He did it twice.

" * * * However, Dr. Cho's pulmonary function studies do not include any spirometric tracings. Three appropriately labeled spirometric tracings showing distance per second on the abscissa and the distance per liter on the ordinate are not incorporated in Cho's report.

\* \* \* \* \* \*

"Nor is pneumoconiosis demonstrated on the basis of the ventilatory studies as provided in Section 410.426(b) of the Regulations number 10; 20 CFR 426(b). Again the Administrative Law Judge must find that Dr. Cho's pulmonary function studies of February 21, 1975, do not meet the requirement of Section 410.430 of the Regulations number 10 with respect to the spirometric tracings and a statement regarding the claimant's degree of cooperation in performing the test." (R. 7)

Those tracings were *later* submitted to the Appeals Council, which affirmed the ALJ without comment. It did not indicate whether the tracings justified the continued rejection of Dr. Cho's findings or whether, accepting his findings, the balance of the record nonetheless warranted the affirmance of the ALJ's decision. We think the Council would have been warranted in remanding the record to the ALJ so that *he* might have re-evaluated his decision in the light of the results of such tracings. Absent any statement by the Council as to its interpretation of said tracings. and absent

*any* consideration thereof by the ALJ, we have no alternative but to remand for the purpose of giving the ALJ the opportunity to reconsider.

 In reconsidering, we think the ALJ should express the basis for his complete *rejection* of the testimony and findings of those physicians who had the benefit of personal observations of the plaintiff, clinical examinations, X-ray examinations and pulmonary studies. We think, conversely, that he should express the basis for his *acceptance* of the findings of readers to whom X-ray films were submitted and who, without narrative explanation of any kind, submitted form reports. In evaluating the evidence, he states:

> " * * * The excellence of the qualifications of Drs. Gayler, Friedlander, and Bristol (Exhibits 30, 33 and 47) affords special weight and creditability to their conclusions."

What qualifications of "excellence" does he find as to the doctors named not found as to those whose testimony has been rejected? Moreover, it is common sense, perhaps hornbook, that the findings, opinions and conclusions of a physician or professional expert who has seen and examined a patient is normally considered more substantial and entitled to greater weight and consideration than the opinion of one, equally qualified, who has neither seen nor examined the patient. In reviewing the record, we are at least entitled to the basis for his acceptance or rejection of given testimony. It is not our function to weigh the testimony. Neither can we conclude that the findings of the ALJ, as affirmed, are supported by substantial evidence absent some explanation or justification for the rejection of testimony normally considered more credible and acceptable.

The ALJ concludes:

> " * * * The record is absent of substantial evidence which establishes by medically acceptable clinical and laboratory diagnostic techniques (or other relevant evidence) that the miner suffered a

lung impairment of the severity required by the Act and the Regulation. * * "

What is there about the testimony of Drs. Hale, Feudale and Dzurek as compared to the form reports submitted by Drs. Gayler, Friedlander and Bristol that renders the former insubstantial and unacceptable as opposed to the latter? In reviewing the record and in determining whether the findings of the ALJ, as affirmed, are supported by substantial evidence, *National Labor Relations Board v. Columbian E. and Stamping*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939), we are entitled to full and complete findings and some indication of the basis for same, so that we may determine whether, on the record as a whole, there is more than a scintilla, but less than a preponderance of evidence in support of the Secretary's findings and conclusions. *Thomas v. Celebrezze*, 331 F.2d 541 (4th Cir. 1964). It is not within our province to resolve conflicts of evidence or decide questions of credibility. *Richardson v. Perales*, 402 U.S. 389, 399, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).